EDWARD F. STACHURA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stachura v. Commissioner
Docket No. 2906-93
United States Tax Court
T.C. Memo 1994-431; 1994 Tax Ct. Memo LEXIS 445; 68 T.C.M. (CCH) 583; August 25, 1994, Filed *445 Decision of no deficiency in tax or additions to tax will be entered. Edward F. Stachura, pro se. For respondent: Anne D. Melzer. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1989 in the amount of $ 9,061 and additions to tax under sections 6651(a)(1) and 6654 in the amounts of $ 1,001.75 and $ 232.81, respectively. All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. At the time of filing his petition herein, Edward F. Stachura (petitioner) was a resident of Williamsville, New York. The parties have stipulated that the correct liability of petitioner for income tax for 1989 is $ 4,860. They have further stipulated that petitioner paid $ 6,139 through tax withholding with respect to his 1989 liability. This results in an apparent overpayment of $ 1,279 by petitioner with respect to his 1989 tax liability. The only question remaining for us to decide is whether we may enter a decision of overpayment in this amount in favor of petitioner. He, of course, contends *446 that we should do so. Respondent, on the other hand, contends that petitioner's claim for an overpayment is untimely under the statute and is barred. (Respondent's concession that petitioner has overpaid his tax through withholding eliminates the additions to tax that respondent had determined, since such additions are based on an underpayment.) At trial, petitioner admitted that he had a history of late filing of his income tax returns for 1977 through 1991, and had not yet filed his returns for the years 1992 and 1993. However, he testified that he had filed an income tax return for the year 1989 on March 15, 1992, or April 15, 1992 (his testimony is in conflict), and had also sent a copy of that return to respondent (but not to this Court) with a copy of the petition herein on February 2, 1993. His testimony, however, is unsupported by anything else in this record. He did not produce a copy of the alleged 1989 return, and respondent apparently has no record of having received one. There is accordingly nothing in this record to substantiate petitioner's testimony that he filed a return for 1989 at any time, other than his unsupported testimony, and in view of the *447 fact that petitioner bears the burden of proof on this issue, Rule 142(a), we must hold that petitioner has failed to carry his burden of proof to establish that any return was filed for the year 1989 at any time. In general, section 6512(b)(1) grants this Court jurisdiction to determine the existence and amount of any overpayment of tax and requires overpayments to be credited or refunded to the taxpayer. However, section 6512(b)(3) limits the amount of creditable or refundable overpayments by focusing on the time of payment of the portion of tax to be credited or refunded. The subparagraph of section 6512(b)(3) that is applicable here is section 6512(b)(3)(B), which reads as follows: [The overpayment must have been made] within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *.
Pursuant to section 6512(b)(3)(B), a taxpayer is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. , *448 affd. without published opinion ; ; . If allowable, a refund or credit shall be made or allowed of any amounts that could have been refunded or credited under section 6511(b)(2), (c), or (d) with respect to such claim. The operative provision that controls this case is section 6511(b)(2)(B), which provides: Limit Where Claim Not Filed Within 3-Year Period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
The statutory notice of deficiency in this case was mailed to petitioner on November 11, 1992. Sec. 6512(b)(3)(B). Petitioner is deemed to have paid the taxes his employer withheld from his wages during 1989 on April 15, 1990. Sec. 6513(b)(1). Therefore, petitioner is deemed to have paid his 1989 taxes more than 2 years prior to the deemed filing of his claim for refund, which was November 11, 1992. *449 Thus, because the 2-year look-back period of section 6511(b)(2)(B) applies, the refund of petitioner's overpayment is time barred. This case is on all fours with our recently decided cases of and , and in accordance with the opinions in those cases, we must hold that petitioner's claim is time barred. No decision of overpayment in favor of petitioner may accordingly be made here. Because the stipulation of the parties varies from the provisions of the statutory notice of deficiency however, Decision of no deficiency in tax or additions to tax will be entered.